UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**REBECCA LAMPER ET AL**            CASE NO.  2:21-CV-01141

**VERSUS**                          JUDGE JAMES D. CAIN, JR.

**U S SPECIALTY INSURANCE CO**      MAGISTRATE JUDGE KAY

MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 36] filed under Federal Rule of Civil Procedure 12(b)(6) by defendant MS Amlin Corporate Member Limited, Subscribing to Policy L19506-UL5-191001-5 ("Amlin"). Plaintiff Rebecca Lamper opposes the motion. Doc. 44.

I.
BACKGROUND

This suit arises from a motor vehicle accident that occurred on September 22, 2020, in Beauregard Parish, Louisiana. On that date, plaintiff alleges, she collided with the side of a vehicle and trailer operated by defendant Jose Veracruz as he was blocking the roadway of US 171 while attempting to back into a private drive. Doc. 1, att. 2, ¶ 2. Plaintiff filed suit against Veracruz, his employer Indian Transport of Hammond LLC, and insurers Amlin (erroneously named as Lloyd's of London in the original petition) and U.S. Specialty Insurance Company in the 36th Judicial District Court, Beauregard Parish, Louisiana. Doc. 1, att. 2.

Amlin now moves to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6), based on assertions that (1) the petition fails to allege that it is the insurer for Veracruz or his employer and (2) even if such allegations had been made, it is only potentially liable through an "unladen" policy that is not at issue here because Veracruz's vehicle was laden at the time of the accident. Doc. 36. Veracruz opposes the motion, seeking leave to amend the petition and arguing that any decision based on coverage should be postponed because this matter is in its infancy. Doc. 44.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

As Amlin notes, the original petition makes no allegations as to the nature of coverage or which party is the insured. *See* doc. 1, att. 2. The court agrees that such allegations are necessary to stating a claim against this defendant. However, plaintiff alleges that she only recently came into possession of the policy and requests leave to amend her complaint. Given that this matter is in its early stages,[1] the court will grant leave and permit amendment as to the coverage issues.

As to whether the policy provides coverage for the accident at issue, the complaint does not indicate whether the truck was laden at the time. Plaintiff contests Amlin's representations and argues that Veracruz was unladen and not in the course and scope of his employment at the time of the accident, but asserts that further discovery is needed to produce evidence in support of this assertion. Such evidence would not fall within the scope of a 12(b)(6) motion. To consider it, the court must convert the motion to dismiss into a motion for summary judgment. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). However, the court has complete discretion to determine whether to accept material outside the pleadings and convert the motion. *Ware v. Assoc. Milk Prods.*,

---

[1] The complaint was filed in state court on March 22, 2021, and removed to this court one month later. Much of the rest of the year was taken up by difficulties with serving Mr. Veracruz. This motion to dismiss was filed on March 17, 2022, but held in abeyance while a Motion to Amend Complaint and Motion to Remand filed two weeks later was pending before the magistrate judge. The magistrate judge issued a report and recommendation on Septemebr 1, 2022, and the undersigned issues this ruling upon adopting that decision.

614 F.2d 413, 415 (5th Cir. 1980). Because summary judgment usually occurs during or after the discovery period, conversion of a motion to dismiss prior to the commencement of discovery is unlikely to afford the parties a "full, fair, and wholly adequate opportunity for discovery" as required under Rule 56. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725–26 (5th Cir. 2003). Accordingly, the Motion to Dismiss will be denied on this basis as well.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 36] will be **DENIED**. Plaintiff will instead be given **fourteen days** from the date of this ruling to amend her complaint and provide allegations relating to coverage under the Amlin policy.

**THUS DONE AND SIGNED** in Chambers on the 29th day of September, 2022.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**